**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2009-NMCA-129

Filing Date: October 7, 2009

NO. 27,893

LYNDA R. VESCIO,

      Petitioner-Appellant,

v.

SHAUNA RICHARDS WOLF,

      Respondent-Appellee,

and

CHRISTINE RICHARDS,

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Atkinson & Kelsey, P.A.
Patrick L. McDaniel
Albuquerque, NM

for Appellant

Shauna Richards Wolf
Christine Richards
Las Cruces, NM

Pro se Appellees

**OPINION**

**KENNEDY, Judge.**

**{1}**     This case arises from a third-party petition for custody of an eight-year-old minor girl

(Child). The district court found that Petitioner-Appellant, Child's aunt by marriage (Aunt), lacked standing to bring a custody case. It concluded that Aunt's petition amounted to nothing more than an assertion of abuse and neglect, and because abuse and neglect proceedings must originate with the Children, Youth and Families Department (CYFD), it dismissed Aunt's claim on the basis of standing. Later, during proceedings on Aunt's motion for reconsideration, she expressed an intention to file a motion under NMSA 1978, Section 40-10B-12(A) (2001), of the Kinship Guardianship Act (the Act), and the court disallowed her from doing so. It warned it would consider such a motion contemptuous of its prior order of dismissal.

**{2}** On appeal, Aunt argues that the district court improperly dismissed her petition. We disagree and affirm the district court's order on the issue of standing. However, we reverse to the extent that the court prohibited Aunt from pursuing a claim under the Act, which provides that any person may bring a motion to revoke a kinship guardianship. *Id.*

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{3}** Aunt filed a petition seeking custody and time-sharing of Child. Apparently, paternity has never been established, and the putative father is not involved with Child, nor has he ever been. Child lives with her grandmother (Grandmother), and Child's mother (Mother) consented to a kinship guardianship of Child to Grandmother.

**{4}** Aunt is related to Child by prior marriage and claims Child has been subjected to abuse by both Grandmother and Mother. Aunt alleged that Grandmother admitted at least some of the abusive behavior, and according to Aunt, Child has contacted her on several occasions regarding these conditions and requested that Aunt "get [her] out of here."

**{5}** Aunt filed a petition for custody and time-sharing alleging abuse and neglect on the part of both Mother and Grandmother. As a result, she asserted, both were unfit. Aunt also alleged a quasi-parental relationship with Child. Although Child currently lives with Grandmother, Aunt has regular contact with Child, and Child has resided with Aunt during past intervals. CYFD was notified of the possible abuse, and it conducted an investigation, but its report found the abuse allegations unsubstantiated.

**{6}** The district court granted Grandmother's motion to dismiss, finding that Aunt lacked standing to bring a case for custody because third parties may not initiate custody cases without CYFD first filing an abuse and neglect charge. At a hearing on a motion for reconsideration, Aunt indicated she instead planned to file a motion to terminate the kinship guardianship. The district court responded that it would likely view any such action as contempt or, at the very least, an attempt to circumvent and frustrate its ruling on the issue of standing. On appeal, Aunt argues that the district court improperly held that she lacked standing to seek custody of Child. She cites several sources of law in support of her argument, including the Children's Code, extraordinary circumstances, the domestic relations statutes, and the Act. We consider each below.

## II. STANDARD OF REVIEW

2

**{7}** Initially, we observe that this case involves a dismissal without prejudice. Generally, an order of dismissal without prejudice is not appealable because it typically requires further proceedings. *Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 33, 569 P.2d 957, 959 (Ct. App. 1977). Dismissal of a complaint without prejudice is only final and appealable if the order disposes of the case to the fullest extent possible in the court in which it was filed. *Sunwest Bank of Albuquerque, N.M. v. Nelson*, 1998-NMSC-012, ¶¶ 7-9, 125 N.M. 170, 958 P.2d 740. Here, the district court's finding on standing negated any further action by Aunt; its order is therefore final and appealable.

**{8}** "Whether a party has standing to bring a claim is a question of law which we review de novo." *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1. On a motion to dismiss for want of standing, courts accept as true all material allegations in the complaint and affidavits and construe them in favor of the plaintiffs. *Id*. Moreover, the district court's order was based on statutory interpretation, and we also review questions of statutory interpretation de novo. *Martin v. Middle Rio Grande Conservancy Dist.*, 2008-NMCA-151, ¶ 3, 145 N.M. 151, 194 P.3d 766.

## III.   THE DISTRICT COURT PROPERLY DISMISSED AUNT'S PETITION FOR LACK OF STANDING

**{9}** A third party may pursue custody of a child in at least five distinct ways. *See* § 40-10B-12(A); *In re Guardianship Petition of Lupe C.*, 112 N.M. 116, 119, 812 P.2d 365, 368 (Ct. App. 1991). First, the district court, sitting in equity, may consider such a matter when extraordinary circumstances exist and there "is no other available or adequate remedy at law." *In re Lupe C.*, 112 N.M. at 119, 812 P.2d at 368. Second, in the event of a dissolution of marriage, on appropriate motion, a court may determine that the child should go to a third party. *Id.* Third, when a parent or guardian dies, the court may provide for a child's custody under the Probate Code. *Id.* at 119-20, 812 P.2d at 368-69. Fourth, where there has been a finding of abuse and neglect, the court may award custody to a third party. *Id.* at 121, 812 P.2d at 370. And fifth, a third party may assert a claim to terminate guardianship under the Act. Section 40-10B-12(A).

**{10}** Aunt's original petition for custody relies almost exclusively upon the fourth method, asserting several instances of abuse and neglect allegedly perpetrated by Grandmother and/or Mother. In its order dismissing her claim, the district court held that "allegations of abuse and neglect are, under [the Children's] Code, to be pursued by [CYFD], and brought before the [c]ourt if the [d]epartment concludes that abuse and neglect has occurred or that the guardian is unfit. An individual [cannot] bring the abuse and neglect action." The court's conclusion is absolutely correct. As a rule, abuse and neglect proceedings are initiated by CYFD on behalf of the affected child. *State ex rel. Children, Youth & Families Dep't v. Jeremy N.*, 2008-NMCA-145, ¶ 6, 145 N.M. 198, 195 P.3d 365. "The [d]epartment is the only entity authorized to file a petition of abuse or neglect." *Id.*; *see* NMSA 1978, § 32A-4-4(A), (D) (2005) (stating that upon a report of abuse or neglect, the department is responsible for "conduct[ing] an investigation to determine the best interests of the child"); NMSA 1978, § 32A-4-15 (1993) ("A petition alleging neglect or abuse shall not be filed unless the children's court attorney has determined and endorsed upon the petition that the

filing of the petition is in the best interests of the child."). Thus, Aunt possessed no standing to bring such a petition, and what is more, CYFD had already completed an investigation of Aunt's allegations and found them unsubstantiated. Upon such facts, we find nothing erroneous with a dismissal on the basis of standing.

**{11}** In her motion to reconsider the dismissal, Aunt argued that the district court should consider her claim on the basis of extraordinary circumstances, and she renews that argument on appeal. As stated above, in New Mexico, a district court, sitting in equity, may consider awarding custody to a third party under extraordinary circumstances.

> This power, however, is usually exercised when there is no other parent or individual to act for the child. While equity may have the power to take custody away from a parent, it will do so only in extreme circumstances. This inherent power is *limited to situations where there is no other available or adequate remedy at law*.

*In re Lupe C.*, 112 N.M. at 119, 812 P.2d at 368 (emphasis added) (citations omitted); *see also In re Adoption of J.J.B.*, 119 N.M. 638, 652, 894 P.2d 994, 1008 (1995) (stating that "[i]n New Mexico we give great weight to the presumption that, when a family breaks up, custody should go to the natural parent" unless extraordinary circumstances exist). "Where a district court denies equitable relief . . . we review the matter for abuse of discretion." *In re Adoption Petition of Rebecca M.*, 2008-NMCA-038, ¶ 22, 143 N.M. 554, 178 P.3d 839. In this case, Aunt raised her extraordinary circumstances argument simultaneously with her assertion that the Act allowed her to intervene. Even presuming the existence of such extraordinary circumstances, however, we hold that, in the long run, though it eschewed a valid route for Aunt which leads to our reversal herein, the district court properly refused to consider Aunt's custody claim because she had an "available or adequate remedy" under the Act. *See In re Lupe C.*, 112 N.M. at 119, 812 P.2d at 368; *see also Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (holding that we may affirm a district court if its holding was right for any reason). We consider that issue below.

**{12}** Aunt's bare assertion that the domestic relations statutes grant her standing to pursue this claim is likewise without merit. Under NMSA 1978, Section 40-4-9.1(K) (1999), during a proceeding for marital dissolution, a non-parent may seek custody of a child. The statute authorizing the court to make an order for the guardianship of a child "gives the district court relatively broad powers with respect to the children of a marriage that is being dissolved." *In re Lupe C.*, 112 N.M. at 119, 812 P.2d at 368. Although it does provide evidence that a third party may seek custody of a child, the section only applies in the context of marital dissolution. *See id.* ("[I]n this case there is no dissolution action before the district court."). We thus reject the domestic relations statutes as a basis to confer standing upon Aunt.

## IV. THE COURT IMPROPERLY PROHIBITED AUNT FROM PURSUING A CLAIM UNDER THE ACT

**{13}** At the conclusion of the hearing on Aunt's motion for reconsideration, the district

4

court not only reaffirmed its prior decision that Aunt lacked standing to bring her petition, but also cautioned that she would be held in contempt if she went forward with a claim under the Act. Such a prohibition was erroneous. Our goal in statutory interpretation "is to determine and give effect to legislative intent. We do not depart from the plain language of a statute unless we must resolve an ambiguity, correct a mistake or absurdity, or deal with a conflict between different statutory provisions." *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 11, 142 N.M. 248, 164 P.3d 947 (citation omitted). Section 40-10B-12(A) of the Act provides:

> Any person, including a child who has reached his fourteenth birthday, may move for revocation of a guardianship created pursuant to [the Act] . . . . The person requesting revocation shall attach to the motion a transition plan proposed to facilitate the reintegration of the child into the home of a parent or a new guardian. A transition plan shall take into consideration the child's age, development and any bond with the guardian.

The plain language of the statute is clear and unambiguous; any person may bring a motion to revoke a kinship guardianship. We make no statement as to the merits of such a motion on these facts. We hold only that Aunt is a person who may bring such a motion, and the district court erred when it disallowed her from doing so. Threatening her with contempt chilled the exercise of her right to approach the court and, in retrospect, might have been more carefully considered.

**CONCLUSION**

**{14}** For the reasons outlined above, we affirm the district court's order dismissing Aunt's claim for want of standing but leave open to her any claim she may pursue under the Act.

**{15}     IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**

_____

**CELIA FOY CASTILLO, Judge**

**Topic Index for *Vescio v. Wolf*, No. 27,893**

**AE            APPEAL AND ERROR**
AE-SR            Standard of Review

5

| **CD** | **CHILDREN** |
|---|---|
| CD-CS | Custody |
| CD-KG | Kinship Guardianship |
| | |
| CP | CIVIL PROCEDURE |
| CP-SD | Standing |
| | |
| **DR** | **DOMESTIC RELATIONS** |
| DR-NA | Neglect and Abuse |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |