This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39620**

**A.B., GUSTAVO BELTRAN, and ALMA BELTRAN,**

Plaintiffs,

v.

**AGAVE HEALTH, INC.; TEAM BUILDERS COUNSELING SERVICES, INC.; LIFEWELL BEHAVIORAL WELLNESS; TURQUOISE HEALTH & WELLNESS, INC.; UNITED BEHAVIORAL HEALTH, INC. d/b/a OPTUM HEALTH NEW MEXICO (OHNM); MANUEL PRECIADO, and DELFINA PRECIADO,**

Defendants.

_____

**FARMERS INSURANCE EXCHANGE, a California reciprocal company,**

Plaintiff in Intervention,

and

**A.B., GUSTAVO BELTRAN, and ALMA BELTRAN,**

Involuntary Defendants in Intervention/
Counterplaintiffs-Appellants,

v.

**FARMERS INSURANCE EXCHANGE, a California reciprocal company; PHILLIP M.**

**BOX; and LORI OTERO,**

Counterdefendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Curtis & Co.
Lisa K. Curtis
Albuquerque, NM

L. Helen Bennett
Albuquerque, NM

for Appellants

Hatcher Law Group, P.A.
Scott P. Hatcher
Santa Fe, NM

for Appellee Farmers Insurance Exchange

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Charles J. Vigil
Valerie R. Denton
Albuquerque, NM

for Appellee Phillip M. Box

Ray Peña McChristian, PC
Christopher J. Tebo
Moses B. Winston
J. Ashley Cummings
Albuquerque, NM

for Appellee Lori Otero

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

{1}     Appellants Gustavo Beltran, Alma Beltran, and child A.B. appeal the district court's pretrial adjudication of their counterclaims against Appellees Farmers Insurance Exchange (Farmers), Phillip M. Box, and Lori Otero. The district court granted Farmers' and Ms. Otero's individual motions to dismiss for failure to state a claim, and the parties

stipulated to Mr. Box's motion for summary judgment. Appellants now argue that the district court erred in adjudicating the claims pretrial because they had standing to bring their counterclaims under *Hovet v. Allstate Insurance Co.*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69, and Appellees' duty of reasonable care to procure adequate insurance coverage extends to Appellants as foreseeable third-party beneficiaries. For the following reasons, we affirm.

**BACKGROUND**

**{2}**    This case arises from a suit by Appellants against Manuel and Delfina Preciado (the Preciados) alleging that Manuel sexually abused A.B. and that Delfina negligently failed to supervise A.B. while he was in the Preciados' foster care service. The Preciados stipulated to the entry of money judgments, and Farmers—which insured the Preciados with a homeowner's insurance policy—filed a complaint in intervention for declaratory judgment seeking a determination of no indemnity coverage under the policy for the claims against the Preciados. Farmers further filed a motion for summary judgment on its complaint in intervention for declaratory judgment. The district court granted the summary judgment motion, finding that the insurance policy did not cover the claims based on Manuel's intentional conduct. Appellants, however, filed a counterclaim against Farmers and its agents, Mr. Box and Ms. Otero, for unfair trade practices, third-party bad faith insurance practices, and negligence.

**{3}**    Each Appellee filed individual motions to be relieved of liability before trial. First, Ms. Otero filed a successful motion to dismiss based on Appellants' failure to state a claim under the New Mexico Unfair Practices Act (the UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019). Next, Farmers filed its own successful motion to dismiss, arguing that *Hovet* did not confer standing to Appellants. Finally, Mr. Box filed a motion for summary judgment on the same grounds as Farmers; the parties stipulated to the motion based on the district court's favorable ruling on Farmers' motion to dismiss. This appeal follows.

**DISCUSSION**

**I.    *Hovet v. Allstate Insurance Co.***

**{4}**    The district court granted Farmers' motion to dismiss for failure to state a claim pursuant to the finding that Appellants "lack standing to bring their [c]ounter[c]omplaint against Farmers . . . as an extension of the authority under *Hovet*." We review the district court's decision to dismiss a case for failure to state a claim under a de novo standard of review. *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. We accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of Appellants. *Vescio v. Wolf*, 2009-NMCA-129, ¶ 8, 147 N.M. 374, 223 P.3d 371.

**{5}**    Under *Hovet*, 2004-NMSC-010, ¶ 17, a third party may bring a claim for bad faith insurance practice if it can demonstrate a special beneficiary status. NMSA 1978,

Section 59A-16-20(E) (1997) prohibits and defines as an unfair and deceptive practice, "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear." NMSA 1978, Section 59A-16-30 (1990) allows "[a]ny person covered by Chapter 59A, Article 16 . . . who has suffered damages as a result of a violation of [Article 16]" to bring a private right of action against a violating insurer or agent. In *Hovet*, relying on *Russell v. Protective Insurance Co.*, 1988-NMSC-025, 107 N.M. 9, 751 P.2d 693, *abrogated on other grounds by Cruz v. Liberty Mutual Insurance Co.*, 1995-NMSC-006, ¶¶ 7-10, 119 N.M. 301, 889 P.2d 1223, our Supreme Court held that these sections "provide a statutory cause of action under the [i]nsurance [c]ode" to third party claimants "who can demonstrate a special beneficiary status." *Hovet*, 2004-NMSC-010, ¶¶ 9, 17. Appellants contend that they are special beneficiaries because "the public policy of New Mexico concerning the rights and interests of children, the Children's Code, and specific regulations applicable to foster care providers require broad interpretation and application of the laws to protect children." We do not reach the merits of Appellants' contention, however, because, as Appellants conceded, the district court's order granting Farmers' summary judgment on its complaint in intervention and finding that the incident did not trigger policy coverage disposed of the bad faith insurance practice claim. *See Am. Nat'l Prop. & Cas. Co. v. Cleveland*, 2013-NMCA-013, ¶ 13, 293 P.3d 954 ("[A]n insurer has a right to refuse a claim without exposure to a bad faith claim if it has reasonable grounds to deny coverage.").

**{6}**     Farmers had a right to refuse the insurance claim without exposure to a bad faith claim because it successfully challenged the coverage of Appellants' claim in its motion for summary judgment. *See id.* In the order granting summary judgment, the district court found that the policy at issue is "an occurrence policy, which applies, for coverage purposes, only to accident and nonintentional behavior." The district court referenced multiple policy exclusions, including exclusions for molestation, intentional acts and homecare services, and declared them "clear and unambiguous." Appellants concede that "[t]he [policy] exclusions for 'intentional acts by or at the direction of any insured' and 'arising from, during the course of or in connection with the actual, alleged, or threatened molestation, [or] abuse' preclude coverage for Manuel Preciado." Appellants nonetheless argue that the provisions do not clearly preclude coverage of the negligent supervision claim against Delfina because she is "an innocent co[]insured whose behavior was neither reckless nor intentional."

**{7}**     Our Supreme Court decided a similar issue in *Lopez v. New Mexico Public Schools Insurance Authority*, 1994-NMSC-017, 117 N.M. 207, 870 P.2d 745. In *Lopez*, the parents and next-friend of a student who was molested by her special education teacher sued the school district under the doctrine of respondeat superior for numerous torts directly arising from the molestation, and for primary negligence in the hiring, retaining, and supervision of the teacher. *Id.* ¶¶ 2, 3. The school district's insurance policy contained a sexual misconduct exclusion, providing: "Sexual or physical abuse or molestation of any person by . . . any employee of the Assured . . . does not constitute personal injury within the terms of this policy and as such any claim arising, directly or indirectly, from the aforementioned is excluded." *Id.* ¶ 4. Our Supreme Court, finding

that the exclusion was not ambiguous, held that the policy "specifically exlude[d] coverage of *all* claims arising from sexual misconduct" and therefore concluded that "as a matter of law that all of the tort claims . . . arose from the alleged molestation of [the student]; therefore, there is no insurance coverage for those claims." *Id.* ¶ 7 (emphasis added). Our Supreme Court further held that the damages from negligence in hiring the teacher arose "from the uninsured risk of sexual misconduct, and thus there [was] no duty to defend a claim for negligence in hiring." *Id.* ¶ 10.

{8}     The insurance policy here has a similar unambiguous exclusion to the insurance policy found in *Lopez.* The exclusion states that the policy does not cover "bodily injury, property damage, or personal injury arising from, during the course of or in connection with the actual, alleged, or threatened molestation, abuse or corporal punishment of any person by anyone, including . . . any insured." Appellants maintains that this exclusion does not "clearly excuse . . . coverage of the independent negligence claims against Delfinia Preciado" and because we "read[] insurance contracts strictly against insurers," we should conclude that Appellants "adequately stated a claim against [Farmers] for failure to recognize that Delfina Preciado had coverage under the [i]nsurance [p]olicy." We disagree with Appellants.

{9}     Any injuries or damages arising from Delfina's negligent supervision stem from "the uninsured risk of sexual misconduct, and thus there is no duty to defend a claim" for negligent supervision. *Id.* ¶ 10. The district court properly found that the policy's unambiguous exclusion precluded coverage for claims against the Preciados, including for negligent supervision against Delfina, thus Farmers had the right to refuse to settle the claim without exposure to a bad faith claim. *See Cleveland*, ¶ 13, 2013-NMCA-013.

{10}     Because there is no liability for the underlying claims, we refuse to consider extending *Hovet* to the circumstances of this case. Furthermore, to the extent that Appellants argue that *Hovet* provides standing for their negligent procurement claim against Farmers vicariously, we do not review the argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that the appellate courts do not review unclear or undeveloped arguments). *Hovet*, 2004-NMSC-010, ¶ 9, only confers standing for claims under the insurance code, and Appellants fail to develop an argument or cite any authority expanding *Hovet* to negligent procurement claims. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Accordingly, we hold that the district court did not err in granting Farmers' motion to dismiss.

## II.     Negligent Procurement Claim

{11}     We turn to the district court's dismissal of Appellants' negligent procurement claim against Ms. Otero and Mr. Box. We review the district court's decision to dismiss a case for failure to state a claim and decision to grant summary judgment under a de novo standard of review. *See Delfino*, 2011-NMSC-015, ¶ 9 ("A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) [NMRA] is reviewed

de novo." (internal quotation marks and citation omitted)); *see also Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243 ("This Court's review of orders granting or denying summary judgment is de novo.").

**{12}** Appellants argue that the district court erred in dismissing the negligent procurement claim because Ms. Otero and Mr. Box owed a duty of care to the Appellants as third-party beneficiaries. Appellants, however, failed to alert the district court of this argument and thus did not preserve the claim. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 (explaining that one of the primary purposes for the preservation rules is to "specifically alert the district court to a claim of error so that any mistake can be corrected at that time").

**{13}** The district court granted Ms. Otero's motion to dismiss for failure to state a claim based on the UPA claim "requir[ing] allegations of a misrepresentation made in connection with the sale of a good or service." Appellants have not argued that the district court erred in dismissing the UPA claim on appeal and therefore we do not consider such argument. *See Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586 ("As a general rule, appellate courts rely on adversarial briefing to decide legal issues and avoid reaching out to construct legal arguments that the parties, intentionally or otherwise, have not presented."). Moreover, Appellants failed to alert the district court that they were pursuing a negligence claim against Ms. Otero. To the contrary, Appellants' response to Ms. Otero's motion to dismiss argues that their countercomplaint is sufficient under New Mexico's status as a notice pleading state. The response did not present to the district court the issues of whether the duty of reasonable care to procure adequate insurance extends to Appellants as third-party beneficiaries. Consequently, we do not consider Appellants' unpreserved claim against Ms. Otero. *See State v. Leon*, 2013-NMCA-011, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{14}** Next, Appellants stipulated to Mr. Box's summary judgment based on the district court's ruling that "Farmer[s' m]otion to [d]ismiss is now the law of the case, and therefore, [Mr. Box's m]otion to [d]ismiss also should be granted." The district court granted Farmers' motion to dismiss based on Appellants' lack of standing under *Hovet*. In stipulating to summary judgment, however, Appellants failed to alert the district court that they were pursuing the theory that Mr. Box owed a duty of care to Appellants as third-party beneficiaries. *See Sandoval*, 2009-NMCA-095, ¶ 56.

**{15}** Furthermore, Appellants did not file a response to Mr. Box's motion for summary judgment and Appellants' response to Farmers' motion to dismiss did not develop an argument regarding their status as third-party beneficiaries. Instead, the response contends that the "[c]ounter[c]laim provide sufficient detail to put Appellees on notice of the claims of insurance agent negligence and [Farmers'] vicarious liability for that negligence." Appellants' response only addressed a potential duty to third parties by maintaining that Mr. Box "knew or should have known that the Preciados required

different, additional or expanded homeowners' coverage because they were [treatment foster care] parents" and therefore he breached its duty to Appellants "as foreseeable beneficiaries of the policy." Appellants' notice pleading argument coupled with conclusory statements are insufficient to fairly invoke a ruling of the district court. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{16}** Therefore, we do not consider Appellants' unpreserved negligence claims against Ms. Otero and Mr. Box. *See Day-Peck v. Little*, 2021-NMCA-034, ¶ 30, 493 P.3d 477 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge,**
**concurring in result only**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**