1998-NMSC-012

958 P.2d 740

**SUNWEST BANK OF ALBUQUERQUE, NEW MEXICO, Conservator of the Estate of Nicole Elizabeth Landers, and Personal Representative of the Estate of Caroline Landers, Plaintiff–Appellant,**

v.

**Dr. Evan NELSON, Defendant–Appellee.**

No. 24802.

Supreme Court of New Mexico.

April 21, 1998.

Durkovich, Martinez & Salazar, Stephen Durkovich, Pia Salazar, Albuquerque, for Appellant.

Atwood, Malone, Turner & Sabin, P.A., Rod M. Schumacher, Barbara A. Reddy, Roswell, for Appellee.

### OPINION

MINZNER, Justice.

{1} Sunwest Bank of Albuquerque appeals the dismissal of its complaint for wrongful death against Dr. Evan Nelson. Sunwest brought this action in Bernalillo County as conservator of the estate of Nicole Landers and as personal representative of the estate of the deceased, Caroline Landers. Upon Dr. Nelson's motion, the district court dismissed the complaint without prejudice for improper venue. We reverse and remand for further proceedings in Bernalillo County.

### I.

{2} Caroline Landers gave birth to her daughter, Nicole, in Roswell, New Mexico, with the assistance of Dr. Nelson. Following the birth, Caroline developed complications which ultimately resulted in her death. Her husband, Brandon Landers, sought a conservator for Nicole, and the District Court of Chaves County appointed Sunwest to serve as conservator. Subsequently, the District Court of Bernalillo County appointed Sunwest to serve as personal representative of Caroline's estate.

{3} Sunwest then filed its complaint in the present action for wrongful death in Ber-

nalillo County. Dr. Nelson filed a motion to dismiss on the grounds of improper venue or, alternatively, to transfer venue on the basis of forum non conveniens. Following this Court's opinion in *First Financial Trust Co. v. Scott*, 1996–NMSC–065, ¶ 20, 122 N.M. 572, 929 P.2d 263 (overruling intrastate forum non conveniens precedent providing for the transfer of venue from one county to another on the basis that "the judiciary lacks the authority to adopt intrastate forum non conveniens"), Dr. Nelson withdrew the motion to transfer venue. However, Dr. Nelson continued to assert that Sunwest failed to establish the basis for venue in Bernalillo County and that the complaint should be dismissed. Dr. Nelson argued that Sunwest was not a resident of Bernalillo County, or of New Mexico. As a result, venue under the New Mexico venue statute, NMSA 1978, § 38–3–1(A) (1988), was proper only in Chaves County, the residence of Dr. Nelson and the location of the events forming the basis of Sunwest's complaint. Sunwest responded by submitting an affidavit from one of its executives stating that Sunwest is a national banking association with its principal place of business in Bernalillo County and engaging in banking activities exclusively in the counties of Bernalillo and Sandoval. The district court granted Dr. Nelson's motion and dismissed, without prejudice, Sunwest's complaint on the basis of improper venue. We accepted certification from the Court of Appeals on the ground that the application of Section 38–3–1(A) to a national banking association raises an issue of substantial public interest.[1] *See* NMSA 1978, § 34–5–14(C)(2) (1972) (providing for certification to this Court by the Court of Appeals in matters involving an issue of substantial public interest).

## II.

{4} Before addressing the merits of the issue certified by the Court of Appeals, we must determine whether we have jurisdiction over this appeal. Dr. Nelson contends that the order dismissing Sunwest's complaint without prejudice is not a final appealable order.

{5} "It is of course firmly established that, subject to certain exceptions, this Court has no jurisdiction to review an order or decision that is not final" within the meaning of NMSA 1978, § 39–3–2 (1966) (limiting appeals as of right to "any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights"). *Carrillo v. Rostro*, 114 N.M. 607, 612–13, 845 P.2d 130, 135–36 (1992); *accord Britt v. Phoenix Indem. Ins. Co.*, 120 N.M. 813, 815, 907 P.2d 994, 996 (1995). It is equally well-established that this Court disfavors piecemeal appeals. *Principal Mut. Life Ins. Co. v. Straus*, 116 N.M. 412, 415, 863 P.2d 447, 450 (1993). Dr. Nelson asserts that a dismissal without prejudice generally is not a final order because it does not dispose of the merits of a claim. In addition, because Sunwest filed a complaint in Chaves County following the dismissal in Bernalillo County, Dr. Nelson argues that a resolution of the question of proper venue at this time would be contrary to the policy disfavoring piecemeal appeals.

{6} Generally speaking, "[f]or purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). In *Santa Fe Nat'l Bank v. Galt*, 94 N.M. 111, 114–16, 607 P.2d 649, 652–54 (Ct.App.1979), the Court of Appeals, without explicitly addressing the question of finality, did exercise its jurisdiction to review an order of dismissal without prejudice for improper venue. In *Galt*, the Court of Appeals concluded that venue was not improper and that the dismissal was erroneous. *Id.* at 116, 607 P.2d at 654. As a result, the Court of Appeals reversed the order and remanded for reinstatement of the complaint. *Id.*

---

1. Citing *Hughes v. Joe G. Maloof & Co.*, 84 N.M. 516, 518, 505 P.2d 859, 861 (Ct.App.1973) (holding venue proper where proper when the action was commenced), the Court of Appeals denied Dr. Nelson's motion to dismiss on the ground of mootness.

{7} The Court of Appeals also has expressly analyzed the finality of dismissals without prejudice as a general rule. In *Bralley v. City of Albuquerque*, 102 N.M. 715, 718, 699 P.2d 646, 649 (Ct.App.1985), the Court of Appeals addressed the finality of a dismissal without prejudice for failure to exhaust administrative remedies. The Court of Appeals noted that a dismissal without prejudice " 'ordinarily imports further proceedings.' " *Id.* (quoting *Chavez v. Chenoweth*, 89 N.M. 423, 428, 553 P.2d 703, 708 (Ct.App. 1976)). However, the Court of Appeals determined that "the order should be given a practical rather than a technical construction," *Bralley*, 102 N.M. at 718, 699 P.2d at 649; *accord Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992), and that "[t]he test of whether a judgment is final so as to permit the taking of an immediate appeal, lies in the effect the judgment has upon the rights of some or all of the parties." *Bralley*, 102 N.M. at 718, 699 P.2d at 649. In evaluating a dismissal without prejudice, the Court of Appeals concluded that "[a]n order dismissing a party's entire complaint without authorizing or specifying a definite time for leave to file an amended complaint, is a final order for purposes of appeal." *Id.* "The designation of the dismissal of an action 'without prejudice' is in the nature of a judgment." *Id.* at 719, 699 P.2d at 650. As a result, the Court of Appeals determined that it lacked jurisdiction to hear the appeal because the plaintiff had not taken a timely appeal from the order dismissing his action without prejudice. *Id.*

{8} Similarly, in *Village of Los Ranchos de Albuquerque v. Shiveley*, 110 N.M. 15, 17, 791 P.2d 466, 468 (Ct.App.1989), the Court of Appeals addressed an order of dismissal without prejudice for lack of standing. The Court of Appeals determined that "[a] decision which terminates the suit, or puts the case out of court without an adjudication on the merits, is a final judgment." *Id.* The

Court of Appeals followed *Bralley* and concluded that the order was final for purposes of appeal. "Although there was no determination on the merits, this order terminated the suit and the proceeding was completely disposed of so far as the court had power to dispose of it." *Id.* In *Shiveley*, unlike *Bralley*, there had been a timely appeal; thus, the Court of Appeals had jurisdiction. *Id.* at 17–18, 791 P.2d at 468–69.

{9} We believe this analysis is dispositive and conclude that the dismissal of Sunwest's complaint without prejudice for improper venue is a final appealable order. While the district court's order did not decide the merits of the claim or preclude filing in an alternate venue, it disposed of the matter to the fullest extent possible in the court in which the action was filed. Unlike the dismissal of a complaint with leave to file an amendment, this order did not provide a specified time or manner for refiling. In fact, the order does not contemplate any refiling of the complaint in Bernalillo County. *See Sherman v. American Fed'n of Musicians*, 588 F.2d 1313, 1315 (10th Cir.1978) ("It is clear that the trial court determined that the action could not be saved by amendment of the complaint ... and that the plaintiff assumed, with reason, that he had no choice but to stand on his complaint...."); *cf. Krauss Bros. Lumber Co. v. Louis Bossert & Sons*, 62 F.2d 1004, 1005 (2d Cir.1933) (Hand, J.) (reasoning that an order compelling arbitration is final because it is the "last deliberative action of the court" with respect to the controversy before it), *quoted in Britt*, 120 N.M. at 815, 907 P.2d at 996. Further, we believe that the order decisively affected Sunwest's right, as plaintiff, to choose a venue pursuant to Section 38–3–1(A) and that an immediate appeal was necessary to vindicate this right. Thus, the dismissal without prejudice for improper venue is a final, appealable order.[2] This Court does not lack jurisdiction.

2. We note that our conclusion that a dismissal without prejudice for improper venue is a final order appears to be consistent with the majority of jurisdictions addressing the issue. *See, e.g., Sherman*, 588 F.2d at 1315 (concluding that an order dismissing a complaint for lack of venue and lack of personal jurisdiction was final and

appealable); *Board of County Comm'rs v. Grice*, 438 So.2d 392, 394 (Fla.1983) (concluding that an order finding improper venue is final if it dismisses the complaint); *Riess v. Abshire*, 570 So.2d 195, 197 (La.Ct.App.1990) (determining that dismissal without prejudice for improper venue is a final order); *Martel v. Inhabitants of*

## III.

{10} The Legislature has provided broad discretion to plaintiffs in choosing venue. *See Scott*, 1996–NMSC–065, ¶ 18, 122 N.M. 572, 929 P.2d 263 (characterizing the venue statute as "expansive"). Specifically, the Legislature has directed in relevant part,

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

A. First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant ... resides....

Section 38–3–1(A).

{11} Dr. Nelson contends that Sunwest is a foreign corporation and that, therefore, this Court's opinion in *Aetna Finance Co. v. Gutierrez*, 96 N.M. 538, 540–41, 632 P.2d 1176, 1178–79 (1981), controls. We disagree.

{12} In *Aetna Finance Co.*, this Court interpreted Section 38–3–1 in the context of a suit filed by Aetna, a Delaware corporation licensed to do business in New Mexico. 96 N.M. at 540, 632 P.2d at 1178. We determined that Section 38–3–1(F), governing lawsuits filed *against* nonresidents, including foreign corporations, did not control the filing of a lawsuit *by* a foreign corporation. *Aetna Fin. Co.*, 96 N.M. at 540, 632 P.2d at 1178. Nonetheless, because Section 38–3–1(F) applied only to nonresidents and included, as nonresidents, foreign corporations, this Court concluded that "[t]he plain grammatical meaning of Subsection F is that foreign corporations are nonresidents." *Aetna Fin. Co.*, 96 N.M. at 541, 632 P.2d at 1179. As a result, since Aetna was a foreign corporation and, therefore, a nonresident, we held that it could not rely on its principal place of business as establishing residency for purposes of selecting venue pursuant to Section 38–3–1(A).

{13} Unlike Aetna, Sunwest is not a "foreign corporation[ ] admitted to do business" in New Mexico. Section 38–3–1(F). The Legislature has defined a "foreign corporation" as a "corporation for profit organized under laws other than the laws of this state *for a purpose or purposes for which a corporation may be organized under the Business Corporation Act.*" NMSA 1978, § 53–11–2(B) (1989) (emphasis added). "Corporations may be organized under the Business Corporation Act [53–11–1 to 53–18–12 NMSA 1978] for any lawful purpose or purposes, *except banking*, insurance,...." NMSA 1978, § 53–11–3 (1967) (emphasis added). Because Sunwest is organized for the purpose of banking, it is not a "foreign corporation" as defined in Section 53–11–2(B). *Cf. Barclay Int'l, Inc. v. First Ala. Bank, N.A. (Ex parte First Ala. Bank, N.A.)*, 461 So.2d 1315, 1316–18 (Ala. 1984) (concluding that a national banking association was a domestic corporation, rather than a foreign corporation, for purposes of venue). Instead, it is a national banking association with its principal place of business in Bernalillo County. Therefore, we must determine, as a matter of first impression, whether a national banking association, with its principal place of business in this state, is a resident of New Mexico for purposes of venue selection under Section 38–3–1(A).[3]

---

*Old Orchard Beach*, 404 A.2d 994, 995–96 (Me. 1979) (same and distinguishing denial of a motion for change of venue and an order granting a transfer of venue from a dismissal for improper venue); *Wilde v. Swanson*, 314 Md. 80, 548 A.2d 837, 840 (1988) (citing cases and determining that dismissal without prejudice for improper venue is a final order because "the plaintiffs were deprived of the means of further prosecuting their claim against [defendant] in *that court*" (emphasis added)); *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents*, 172 W.Va. 743, 310 S.E.2d 675, 678–79 (1983) (same); *see also* 17 James Wm Moore et al., *Moore's Federal Practice* ¶ 111.60[1], at 111–195 to −196 (3d ed. 1997) ("[I]f the court dismisses the action rather than

transfers it, such an order is immediately appealable as a final judgment."). *But see Hertlein v. Missouri Highway & Transp. Comm'n*, 820 S.W.2d 109, 110 (Mo.Ct.App.1991) (concluding that dismissal for improper venue is not a final judgment).

3. Because we conclude that *Aetna Finance Co.* is inapposite, we need not address Sunwest's contention that our holding in that case conflicts with NMSA 1978, § 53–17–2 (1967) (stating that foreign corporations "enjoy the same, but no greater, rights and privileges as a domestic corporation").

{14} In construing the language of a statute, our primary goal is to give effect to the intent of the Legislature. *Roth v. Thompson*, 113 N.M. 331, 332, 825 P.2d 1241, 1242 (1992). One method of determining legislative intent is to ascertain the plain meaning of language appearing in the statute. *See State ex rel. Helman v. Gallegos*, 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994). In *Aetna Finance Co.*, 96 N.M. at 541, 632 P.2d at 1179, we relied on the plain language of the statute in relation to foreign corporations in determining residency. By contrast, Section 38-3-1 is silent on whether national banking associations are considered residents in the context of venue. Thus, we must turn to other statutory construction aids in order to discern the intent of the Legislature.

{15} In the context of banking laws, the Legislature has equated banks chartered or organized under the laws of New Mexico with those having their principal place of business in New Mexico and chartered or organized under the laws of the United States, describing both as "New Mexico bank[s]," NMSA 1978, § 58-1B-2(O) (1996), and "domestic banks." NMSA 1978, § 58-1A-2(E) (1995). These definitions are not controlling in our interpretation of the venue statute. *See* Section 58-1B-2 (stating that definitions apply "[a]s used in the Interstate Bank Acquisition Act"); Section 58-1A-2 (stating that definitions apply "[a]s used in the Consumer Credit Bank Act"). Nonetheless, "[w]e presume the legislature is aware of existing law when it enacts legislation," *State ex rel. Human Servs. Dep't (In re Kira M.)*, 118 N.M. 563, 569, 883 P.2d 149, 155 (1994), and we believe that, in the absence of a definition of residency in the venue statute, these definitions are persuasive evidence that the Legislature views national banking associations with their principal place of business in this state as residents of New Mexico. *Cf. State v. Ogden*, 118 N.M. 234, 242-45, 880 P.2d 845, 853-56 (1994) (utilizing the definition of "peace officer" from other statutes as an aid in statutory construction, even though the definition did not "technically control[ ]").

{16} Additionally, consistent with our interpretation of Section 38-3-1, we recognize that a federal venue statute, 28 U.S.C. § 1348 (1994), deems banks organized under federal law to be "citizens of the state in which they are respectively located." *See* 2B Norman J. Singer, *Sutherland Statutory Construction* § 52.01, at 197 (5th ed. 1992) ("Similar statutes of other [jurisdictions] comprise a type of extrinsic aid deserving special attention in the process of interpretation."); *cf. Folz v. State*, 110 N.M. 457, 462 n. 3, 797 P.2d 246, 251 n. 3 (1990) ("[W]hen the legislature does not provide an express definition of an essential statutory term, it must be assumed that the legislature was aware of the construction given that term in the judicial decisions of other jurisdictions."). Thus, we conclude that, for purposes of selecting venue pursuant to Section 38-3-1, banks chartered under federal law are residents of the state and county of their principal place of business. *Cf. Barclay*, 461 So.2d at 1317-18 ("A national bank with its principal place of business in Alabama is not, in essence, a non-resident."); *Citibank (S.D.), N.A. v. Gonzalez*, 114 Misc.2d 1007, 452 N.Y.S.2d 1012 (Civ.Ct.1982) (determining that a national banking association with its principal place of business in another state was a resident of that other state rather than of New York and thus was required to post security for costs). If a national banking association has its principal place of business in a county of New Mexico, then it may rely on that county as its residence for purposes of venue selection under Section 38-3-1.

## IV.

{17} Sunwest Bank of Albuquerque is a national banking association with its principal place of business in Bernalillo County. We conclude that Sunwest is a resident of Bernalillo County and that venue in this matter is proper in Bernalillo County under Section 38-3-1. The district court erred by dismissing Sunwest's complaint for improper venue. Therefore, we reverse and remand for further proceedings in Bernalillo County consistent with this opinion.

{18} **IT IS SO ORDERED.**

FRANCHINI, C.J., and BACA and SERNA, JJ., concur.