# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: ____ March 17, 2015 ____

**NO. 33,303**

**JAMES A. TURNER and TRACY TURNER, Husband and Wife,**

  Plaintiffs-Appellants,

v.

**FIRST NEW MEXICO BANK**,

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**J.C. Robinson, District Judge**

Martin E. Threet and Associates
Martin E. Threet
Albuquerque, NM

for Appellants

Peifer, Hanson & Mullins, P.A.
Lauren Keefe
Albuquerque, NM

Walker & Associates, P.C.
Thomas D. Walker
Albuquerque, NM

for Appellee

**OPINION**

**VIGIL, Judge.**

{1}     This case requires us to determine whether res judicata, also known as claim preclusion, bars the filing of a second lawsuit when a virtually identical lawsuit was previously dismissed "without prejudice." The district court ruled that the second suit is barred, and we affirm.

**BACKGROUND**

{2}     In October 2010, Plaintiffs filed a civil complaint in the Luna County district court, and the case was assigned to Judge Viramontes. In response to Defendant's motion, Judge Viramontes ordered Plaintiffs to make a more definite statement, and Plaintiffs filed an amended complaint (First Complaint). In general terms, the First Complaint alleged that Plaintiffs purchased a farm and built a dairy on the farm, financed by loans from Defendant, and that Defendant subsequently engaged in actions by which Defendant attempted to take control and management of Plaintiffs' business. Count I alleged that Defendant's course of conduct "became so egregious that it violated the standards of good faith and fair dealing that are required by [NMSA 1978,] Section 55-1-304 [(2005)] of the Uniform Commercial Code[.]" Count II alleged that Plaintiffs repaid a loan in full and Defendant failed and refused to report to credit reporting agencies that the loan had been repaid, with the

consequence that the loan was reported as being past due, causing damage to Plaintiffs' credit. Count III alleged that Defendant's conduct violated the standards of good faith and fair dealing required by the Uniform Commercial Code and was sufficiently malicious, reckless and wanton, as to warrant the imposition of punitive damages. Defendant then filed a motion to dismiss the First Complaint in its entirety for failure to state a claim pursuant to Rule 1-012(B)(6) NMRA. After Plaintiffs responded, Judge Viramontes held a hearing. Following that hearing in a July 2012 order, Judge Viramontes granted Defendant's motion and dismissed each count of the First Complaint "without prejudice." Judge Viramontes reasoned that Count I alleged a breach of the "obligation of good faith" set forth in Section 55-1-304, and this section of the Uniform Commercial Code does not support an independent cause of action; that Count II alleged a violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 (2012), and because the claim relates to Plaintiffs' personal or consumer loan, federal law preempts the state law claim; and that Count III alleged a claim for punitive damages under the Uniform Commercial Code, which does not provide for an award of punitive damages.

{3}     No appeal was taken from Judge Viramontes's order of dismissal. Instead, Plaintiffs filed a new complaint against Defendant in September 2012 (Second Complaint), and this case was assigned to Judge Robinson. The parties and Counts

2

I and III of the Second Complaint are absolutely identical to the First Complaint. Count II is virtually identical, adding only that Defendant's conduct as it relates to Plaintiffs' personal or consumer loan impacted their "business relationships" and "commercial credit." Defendant filed a motion to dismiss the Second Complaint on grounds that Judge Viramontes's order dismissing the First Complaint was binding in the case under principles of res judicata (claim preclusion) and collateral estoppel (issue preclusion) and for the additional reason that the Second Complaint fails to state a claim upon which relief can be granted. Judge Robinson agreed with Defendant and dismissed the Second Complaint in its entirety with prejudice. Plaintiffs appeal.

{4}     The dispositive issue in this case is the effect of the order dismissing the First Complaint on the Second Complaint. Plaintiffs argue that because dismissal of the First Complaint was "without prejudice," it had no effect on their right to file the Second Complaint, and Defendant asserts that dismissal of the Second Complaint was proper under the doctrines of claim preclusion and issue preclusion. For the reasons which follow, we agree that claim preclusion was properly applied, and affirm.

**STANDARD OF REVIEW**

{5}     The facts are undisputed; therefore, our review of whether res judicata applies presents a question of law, which we review de novo. *State ex rel. Peterson v.*

3

*Aramark Corr. Servs., LLC*, 2014-NMCA-036, ¶ 23, 321 P.3d 128 (" 'When the facts are not in dispute, the preclusive effect of a prior judgment is a question of law reviewed de novo.' " (quoting *Rosette, Inc. v. United States Dep't of the Interior*, 2007-NMCA-136, ¶ 31, 142 N.M. 717, 169 P.3d 704)).

**ANALYSIS**

{6}     "Res judicata [i.e., claim preclusion] is designed to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, ___P.3d ___ (No. 34,365, Jan. 8, 2015) (alterations, omission, internal quotation marks, and citation omitted); *see also Alba v. Hayden*, 2010-NMCA-037, ¶ 6, 148 N.M. 465, 237 P.3d 767 (" 'The principles of preclusion operate to promote finality in civil disputes by relieving parties of the burdens of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions.' " (quoting *Rosette, Inc.*, 2007-NMCA-136, ¶ 32)). Claim preclusion "bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577 (internal quotation marks and citation omitted). The party asserting claim preclusion must establish that "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two

4

suits are the same, and (4) the cause of action is the same in both suits." *Potter*, 2015-NMSC-002, ¶ 10.

{7}	We first address whether the order dismissing the First Complaint is a final judgment notwithstanding that the dismissal was "without prejudice." The order dismissed the First Complaint in its entirety, it fully disposed of the rights of the parties, and otherwise disposed of the matter to the fullest extent possible, without authorizing or specifying when an amended complaint could be filed.  Moreover, the order decisively and fully determined that Plaintiffs failed to state a cause of action, and an immediate appeal was necessary to reverse that determination. The order dismissing the First Complaint therefore constituted a final judgment under our established precedent. *See Vill. of Los Ranchos de Albuquerque v. Shiveley*, 1989-NMCA-095, ¶¶ 10-13, 110 N.M. 15, 791 P.2d 466 (concluding that an order dismissing "without prejudice" for lack of standing constituted a final judgment because the order "terminated the suit and the proceeding was completely disposed of so far as the court had power to dispose of it"); *Bralley v. City of Albuquerque*, 1985-NMCA-043, ¶¶ 11-16, 102 N.M. 715, 699 P.2d 646 (concluding that an order of dismissal "without prejudice" for failure to exhaust administrative remedies which did not authorize or specify a definite time to file an amended complaint was a final judgment because the order fully terminated and disposed of the case before the

5

court). In *Sunwest Bank of Albuquerque v. Nelson*, 1998-NMSC-012, ¶¶ 7-9, 125 N.M. 170, 958 P.2d 740, our Supreme Court expressly approved *Bralley* and *Village of Los Ranchos* and concluded itself that an order of dismissal "without prejudice" for improper venue was a final order because the order "disposed of the matter to the fullest extent possible in the court in which the action was filed." *Sunwest Bank of Albuquerque*, 1998-NMSC-012, ¶ 9.

{8}    We next address whether the order dismissing the First Complaint is a judgment "on the merits." Here, Defendant filed a motion to dismiss pursuant to Rule 1-012(B)(6).  Plaintiffs responded in writing to the motion and then made oral arguments in opposition to the motion in a notice hearing held before Judge Viramontes.  Under these circumstances, the "merits" of whether the First Complaint stated a cause of action under Rule 1-012(B)(6) was fully and fairly litigated before Judge Viramontes in accordance with the due process rights of Plaintiffs to notice and an opportunity to be heard.  Accordingly, we conclude that the order dismissing the complaint constituted a judgment "on the merits" that the First Complaint failed to state a cause of action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' "); *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) ("Ordinarily, a dismissal for failure to state a claim is

6

treated as a dismissal on the merits and there is abundant case law to this effect."). We therefore hold that the order dismissing the First Complaint constitutes a judgment "on the merits" that is entitled to claim preclusion effect.

{9} There is no dispute that the last two requirements for claim preclusion (that the parties in the two suits are the same, and that the cause of action is the same in both suits) are satisfied. We only add that Count II in the First Complaint was dismissed because preemption under the federal Fair Credit Reporting Act applies to personal or consumer loans. To the extent the minor changes made in the wording of Count II in the Second Complaint requires a review of the merits, the district court noted that the complaint was filed by Plaintiffs in their individual capacities and alleged that Plaintiffs borrowed the money in their individual capacities and that Defendant failed to report to credit reporting agencies that Plaintiffs had repaid the loan. We also note that the complaint alleges Plaintiffs were personally damaged. Plaintiffs cite no authority establishing that the minor changes made in the wording to Count II convert what is otherwise a personal loan into a commercial loan. Thus, regardless of the minor changes, Count II remains preempted under the Fair Credit Reporting Act.

{10} For the foregoing reasons, we hold that res judicata (claim preclusion) barred the filing of the Second Complaint.

7

**CONCLUSION**

{11}    The order of the district court is affirmed.

{12}    **IT IS SO ORDERED.**

 

_____

**MICHAEL E. VIGIL, Chief Judge**

**I CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

**TIMOTHY L. GARCIA, Judge (specially concurring).**

**GARCIA, Judge (specially concurring).**

{13}     I write to specially concur with the majority and disagree with the application of res judicata to dispose of the merits of Plaintiffs' appeal. Because I disagree with the majority, I would hold that the dismissal of the First Complaint "without prejudice" by Judge Viramontes precludes the application of res judicata to the Second Complaint. However, as to the merits of Plaintiff's Second Complaint, I agree with Judge Robinson's alternative position that Plaintiff's Second Complaint fails to state a claim upon which relief can be granted under Rule 1-012(B)(6). As a result, the dismissal of the Second Complaint should be affirmed on that basis.

{14}     The first issue is whether Judge Viramontes's order dismissing the First Complaint without prejudice constitutes a final judgment "on the merits" for the purposes of res judicata. The majority correctly points out that certain federal courts recognize the application of res judicata to a dismissal without prejudice under a factual scenario similar to this case. Majority Opinion ¶ 8. However, our appellate courts appear to disagree with this federal position and do not apply the doctrine of res judicata when the district court, without any specific qualifications or limiting instruction, utilizes its discretion to dismiss a complaint "without prejudice." *See Sunwest Bank v. Nelson*, 1998-NMSC-012 ¶ 7, 125 N.M. 170, 958 P.2d 740 (addressing a dismissal without prejudice in the context of finality so as to permit an

immediate appeal but also acknowledging that separate proceedings on the merits are appropriate and overcome the doctrine of res judicata when claims are dismissed without prejudice); *Marquez v. Juan Tafoya Land Corp.*, 1981-NMSC-080, ¶ 9, 96 N.M. 503, 632 P.2d 738 (noting that "a dismissal without prejudice contemplates the right to further proceedings"); *Watkins v. Local Sch. Bd.*, 1975-NMSC-048, ¶¶ 8, 12, 88 N.M. 276, 540 P.2d 206 (recognizing that a dismissal without prejudice along with a limited opportunity to amend the complaint within twenty days only became final and binding when no amended pleadings were filed within the time period allowed); *Bankers Trust Co. of Cal. v. Baca*, 2007-NMCA-019, ¶¶ 9-10, 141 N.M. 127, 151 P.3d 88 (denying the application of res judicata to the dismissal of a foreclosure action without prejudice that was based upon significant inactivity by the bank); *Salazar v. Yellow Freight Sys., Inc.*, 1990-NMCA-003, ¶¶ 11-13, 109 N.M. 443, 786 P.2d 57 (denying the application of res judicata to a recommended decision arising during the first of two workers' compensation administrative proceedings where the first claim was dismissed without prejudice); *Bralley*, 1985-NMCA-043, ¶ 18 (recognizing that "[t]he words 'without prejudice' when used in an order or decree generally indicate that there has been no resolution of the controversy on its merits and leaves the issues in litigation open to another suit as if no action had ever been brought"); *Chavez v. Chenoweth*, 1976-NMCA-076, ¶¶ 25-27, 89 N.M. 423, 553 P.2d

10

703 (denying the application of res judicata to numerous claims against third parties arising from an automobile accident that were dismissed without prejudice in various separate actions). "A dismissal 'without prejudice' gives the complainant the right to state a new and proper cause of action, if he can, and does not take away any rights of defense to the action." *Bralley*, 1985-NMCA-043, ¶ 18. Based upon this established precedent in New Mexico, the merits of Plaintiffs' Second Complaint should be addressed anew.

{15}    As the majority recognized, Plaintiffs' Second Compliant is identical to the First Complaint except for some minor additional language added to Count II. Majority Opinion ¶ 3. The modified claims were fully addressed by Judge Robinson and I agree with his analysis and the dismissal of Plaintiffs' Second Complaint under Rule 1-012(B)(6). The minor wording modification made to Count II did not establish an issue of fact regarding whether Plaintiffs' individual loan under Count II was preempted under the federal Fair Credit Reporting Act. Plaintiffs have failed to provide this Court with any authority to support their position that a personal loan impacting their business relationships and commercial credit avoids preemption under the federal Fair Credit Reporting Act. *See Jojola v. Fresenius Med. Clinic*, 2010-NMCA-101, ¶ 7, 149 N.M. 51, 243 P.3d 755 (recognizing that where a party fails to

provide any authority for an argument, we will presume that none exists). As a result, the rewording of Count II was also properly dismissed pursuant to Rule 1-012(B)(6).

{16}     For the reasons stated herein, I specially concur with the majority and would affirm the district court's dismissal of Plaintiffs' Second Complaint.


_____

**TIMOTHY L. GARCIA, Judge**