This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38962

**NEW MEXICO PATRIOTS
ADVOCACY COALITION, An
issue advocacy group,**

Plaintiff-Appellant,

v.

**MAGGIE TOULOUSE OLIVER,
New Mexico Secretary of State;
and HECTOR BALDERAS, New
Mexico Attorney General,**

Defendants-Appellees.

**APPEAL FROM DISTRICT COURT OF CURRY COUNTY
David P. Reeb, Jr. Judge**

Western Agriculture, Resource and
Business Advocates, LLP
A. Blair Dunn
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Neil Bell, Assistant Attorney General
Joseph Dworak, Assistant Attorney General
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appealed following the dismissal of the underlying action pursuant to Rule 1-012(B)(1) and (B)(6) NMRA. We previously issued a notice of proposed summary disposition in which we proposed to reverse and remand for further proceedings. Defendants have filed a memorandum in opposition. We remain unpersuaded. We therefore reverse and remand.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** As an initial matter, we understand Defendants to contend that Rule 1-007.1(D) NMRA supplies adequate authority for the district court's election to dismiss the action, sua sponte, as a consequence of Plaintiff's failure to timely respond to Defendants' motion to dismiss. [MIO 2, 7-8] However, as we observed, [CN 2-3] our New Mexico Supreme Court has interpreted Rule 1-007.1 to require prior notice or opportunity to be heard *before* dispositive motions may be granted. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶¶ 24-25, 416 P.3d 264. As Defendants have acknowledged, [MIO 3] that did not transpire in this case. We therefore remain unpersuaded that Rule 1-007.1 supplies an appropriate basis for the disposition rendered in this case.

**{4}** Defendants also argue that it was incumbent upon Plaintiff to pursue the alternative avenues informally suggested by the district court, either by filing a stipulated order to set aside the dismissal or by refiling the underlying action. [MIO 4, 9-10] However, in light of Defendants' opposition to any motion to set aside the dismissal, [MIO 6] the former suggestion is untenable. With respect to the latter suggestion, we fail to see how the theoretical ability to refile could be said to abridge Plaintiff's right to pursue appellate relief. *See generally* N.M. Const. art. VI, § 2 (guaranteeing an aggrieved party an absolute right to appeal); NMSA 1978, § 39-3-2 (1966) (implementing the constitutional guarantee in civil matters by providing for appeal as a matter of right by any party aggrieved by a final order); *Sunwest Bank of Albuquerque v. Nelson*, 1998-NMSC-012, ¶¶ 7-9, 125 N.M. 170, 958 P.2d 740 (concluding that an order of dismissal "without prejudice," which does not provide a specified time or manner for refiling, constitutes a final, appealable order).

**{5}** Defendants further suggest that Plaintiff should have filed a motion pursuant to Rule 1-060(B) NMRA. [MIO 8-9, 10, 14] Although that might have been an option, we are aware of no authority which could be said to require the filing of such a motion. That suggestion would appear to be inconsistent with Plaintiff's entitlement to appeal. *See generally Resol. Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶ 9, 120 N.M. 320, 901 P.2d 738 (explaining that Rule 1-060(B) "should not be used as a substitute for appeal"); *James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 (holding that a party may appeal the denial of a Rule 1-060(B) motion, but the scope of appellate review is limited to the correctness of the denial of the motion, and not to the correctness of the underlying judgment). We therefore reject Defendants' assertion that Plaintiff "waived its right to challenge the dismissal" of the action [MIO 8] by electing to pursue the instant appeal, rather than seeking discretionary post-judgment relief with the district court. *See*

*generally Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 24, 287 P.3d 318 (indicating that it is not necessary to reiterate in a motion for reconsideration in order to preserve error). *Cf. Gracia v. Bittner*, 1995-NMCA-064, ¶ 18, 120 N.M. 191, 900 P.2d 351 ("[T]he preservation requirement should be applied with its purposes in mind, and not in an unduly technical manner to avoid reaching issues that would otherwise result in reversal.").

**{6}** Finally, Defendants contend that the principles outlined in *Freeman*, requiring notice and the opportunity to be heard before a dispositive motion may be granted for failure to respond, should not extend to this case. [MIO 10-15] They offer three rationales.

**{7}** First, Defendants contend that *Freeman* is distinguishable insofar as it deals with an award of summary judgment rather than dismissal pursuant to Rule 1-012(B)(1) and/or (B)(6). [MIO 10-11] However, as parenthetically described above, the order of dismissal in this case is no less final than the award of summary judgment at issue in *Freeman. See, e.g., Sunwest Bank*, 1998-NMSC-012, ¶¶ 7-9 (concluding that an order of dismissal "without prejudice" was a final order); *Bralley v. City of Albuquerque*, 1985-NMCA-043, ¶ 14, 102 N.M. 715, 699 P.2d 646 ("An order dismissing a party's entire complaint without [prejudice,] without authorizing or specifying a definite time for leave to file an amended complaint, is a final order for purposes of appeal."). *Cf. Smith v. Walcott*, 1973-NMSC-074, ¶ 14, 85 N.M. 351, 512 P.2d 679 (holding that sua sponte dismissal for failure of prosecution under the court's inherent dismissal power "is final and effectively terminates a case"); *Mora v. Hunick*, 1983-NMCA-127, ¶ 13, 100 N.M. 466, 672 P.2d 295 (indicating that where the trial court does not state by what authority it is dismissing the case, it will be assumed it was doing so pursuant to its inherent authority). And although the procedural safeguards applied in *Freeman* may have developed in relation to motions for summary judgment, [MIO 11] we perceive no principled basis for declining to apply similar protections in relation to other dispositive motions, such as those at issue in this case. *Cf. Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶¶ 8, 11-12, 134 N.M. 207, 75 P.3d 423 (discussing with approval a Tenth Circuit opinion reversing under similar circumstances, where a district court dismissed an action for failure to timely respond to motions to dismiss as required under a local rule).

**{8}** Second, Defendants contend that Plaintiff's failure to request an extension of time in this case warrants a departure from *Freeman*. [MIO 10, 12, 13-14] However, *Freeman* indicates that failure to request an extension is material *if* the non-moving party receives adequate notice and opportunity to be heard *before* the district court rules on the dispositive motion. 2018-NMSC-023, ¶¶ 24-25. As previously stated, that did not occur in this case.

**{9}** Third and finally, Defendants contend that *Freeman* is inapplicable because they did not request that the district court grant their motion to dismiss in the absence of a timely response. [MIO 12-13] We agree that insofar as the district court granted Defendants' motion sua sponte, it would make little sense to impose a burden upon

Defendants to ensure that the non-movant had adequate notice and opportunity to be heard prior to the entry of judgment. However, that does not obviate the underlying concern. To the extent that the district court contemplated taking unsolicited action on the motion, the district court logically bore the burden of ensuring that the non-movant was duly advised of its intent and afforded the opportunity to be heard beforehand. *Cf. Concha v. Sanchez*, 2011-NMSC-031, ¶ 30, 150 N.M. 268, 258 P.3d 1060 ("Because we necessarily give judges such extraordinary unilateral powers, this Court repeatedly has cautioned that we must require judges to . . . avoid abuses of those powers.").

**{10}** Ultimately, we remain of the opinion the situation presented in this case is sufficiently analogous to the situation presented in *Freeman* to warrant similar treatment. In both cases, dispositive motions were granted as a consequence of non-moving parties' failure to file responses. *Freeman* indicates that the courts must proceed with caution in these situations. In the absence of a response, New Mexico's "strong preference for resolving cases on their merits" requires notice and opportunity to be heard before a dispositive motion may be granted. 2018-NMSC-023, ¶¶ 25-26. As this case illustrates, failure to adhere to that practice increases the likelihood of hasty and improvident dispositions. If the district court had provided prior notice and opportunity to be heard, it would in all likelihood have been apprised of the parties' prior stipulation to an extension of time, and awaited Plaintiff's response, thereby facilitating a well-informed ruling on the merits. This is precisely what *Freeman* seeks to promote.

**{11}** Because we so strongly "favor the right of a party to a hearing on the merits over dismissal of actions on procedural technicalities[,]" *Montoya v. Dep't of Fin. & Admin.*, 1982-NMCA-051, ¶ 27, 98 N.M. 408, 649 P.2d 476, we conclude that the underlying disposition cannot stand. Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we reverse and remand.

**{12} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**