This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40070**

**ERIN O. ANDERSON,**

Plaintiff-Appellant,

v.

**SECOND JUDICIAL
DISTRICT COURT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Francis J. Mathew, District Court Judge**

Michelle Garcia
Santa Fe, NM

for Appellant

Macke Law & Policy, LLC
Daniel J. Macke
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**    Erin Anderson (Plaintiff) appeals the district court's order granting summary judgment in favor of the Second Judicial District Court (Defendant) dismissing her claim of retaliation under the Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010). Plaintiff argues that the district court (1) did not have jurisdiction to hear the case because the Second Judicial District was an improper venue, (2) failed to compel Defendant's discovery responses which would have provided genuine issues of material fact, and (3) erred in granting summary judgment. For the following reasons, we affirm.

## BACKGROUND

**{2}** In 2013 Defendant executed a memorandum of understanding (MOU) with the Office of the New Mexico Attorney General (NMAG). The MOU provided a grant to operate a joint pilot project called the Foreclosure Settlement Program (FSP) later to be renamed the Mortgage Alternative Program (MAP),1 which was "designed to provide early court intervention in residential owner occupied mortgage foreclosure cases." The MOU further specified that the pilot project would operate in both the Thirteenth Judicial District and the Second Judicial District under the same terms. Under these terms, Defendant would receive a $350,000 funding block for the project. The MOU required that one personnel member serve as a project manager and one personnel member be classified as either a settlement facilitator, hearing officer, or special master. The MOU also required that any remaining funds existing when the grant expired be reverted to the NMAG.

**{3}** The MOU was amended twice, extending the length of the program such that it would terminate either on June 30, 2016, or when the funds were exhausted, whichever happened first. Despite the extension of the program's operational dates, the NMAG never provided additional funding to the project.

**{4}** Plaintiff was hired by Defendant as a senior attorney to serve as the settlement facilitator and manager of MAP. The position was a full time position for the term of the MOU. Plaintiff was classified and paid in accordance with the manager position. However, one of her employees informed her that both the employee and Plaintiff were classified differently and were being paid less than their respective male counterparts in the Thirteenth Judicial District.

**{5}** Plaintiff reported the pay discrepancy to both the district court judge supervising MAP, and Defendant's court executive officer. In response, the executive officer stated that Plaintiff's rate of pay was "based on objective considerations applied to [her] at the time of [her] hire," consistent with her classification as attorney-senior, and "not gender-based in any way." When no further action was taken, Plaintiff filed a complaint with the Human Rights Bureau and the Equal Employment Opportunity Commission (EEOC), which lead to mandatory mediation facilitated by the EEOC. As a result of the mediation, Defendant reclassified Plaintiff as a Term Special Commissioner and increased her rate of pay, effective from her date of hire, and paid her back pay. Defendant also reclassified and increased the pay of the other MAP employees.

**{6}** In a letter dated November 10, 2015, to Plaintiff from the court executive officer for the Second Judicial District Court, Plaintiff learned that her position would end at the

---

1FSP or the Foreclosure Settlement Program was renamed MAP or the Mortgage Alternative Program in the Second Judicial District. It was referred to as MAP until the program ended in 2015. During that time, MAP's counterpart in the Thirteenth Judicial District was still referred to as FSP. When the Second Judicial District's Foreclosure Settlement Program restarted in July of 2016, the name reverted back to FSP. We use MAP to refer to the program and its employees while Plaintiff worked there. We use FSP to refer to the program in the Thirteenth Judicial District and to the restarted program after MAP ended.

end of November 2015, when MAP grant funds would be exhausted. All other MAP positions were also eliminated. Plaintiff then received her back pay in January 2016. Six months after MAP ended, the FSP restarted when funding from the New Mexico State Bar became available. Plaintiff applied for an independent contractor position with the restarted FSP, but was neither interviewed nor rehired. Although the other MAP employees who sought reemployment with the court were rehired to other divisions, no former MAP employees were rehired into the restarted FSP.

**{7}** Plaintiff then filed a complaint alleging that Defendant violated the WPA by purposefully exhausting the grant which funded Plaintiff's position and by refusing to rehire her under the restructured FSP program in retaliation for her communication of the pay disparity between Second Judicial District MAP employees and Thirteenth Judicial District FSP employees. Defendant moved for summary judgment and the district court granted the motion finding that Defendant had made a prima facie showing that it did not violate the WPA and Plaintiff failed to rebut this showing. The district court granted Defendant's motion and Plaintiff appealed.

## DISCUSSION

### I. Venue Was Proper in District Court

**{8}** We first address Plaintiff's contention that the Second Judicial District lacked jurisdiction to hear this case. Plaintiff asserts that it was a "jurisdictional error" to allow the case to be heard in the Second Judicial District when it was a party to the case. However, Plaintiff's challenge to jurisdiction is actually a challenge to venue in the district court. We disagree.

**{9}** "Although venue has sometimes been treated as jurisdictional in nature . . . the two concepts must be distinguished. Venue . . . means the place where a case is to be tried, whereas jurisdiction does not refer to the place of trial, but to the power of the court to hear and determine the case." *Kalosha v. Novick*, 1973-NMSC-010, ¶ 13, 84 N.M. 502, 505 P.2d 845 (internal quotation marks and citation omitted). Matters of venue can be waived, *id.* ¶¶ 15, 16, unlike subject matter jurisdiction, *see Cheng v. Rabey*, 2023-NMCA-013, ¶ 9, 525 P.3d 405 ("It is well settled that subject matter jurisdiction cannot be waived and may be raised for the first time on appeal." (internal quotation marks and citation omitted)).

**{10}** Plaintiff failed to appeal the First Judicial District Court's order dismissing her case for improper venue despite it being a final order, *see Sunwest Bank of Albuquerque*, 1998-NMSC-012, ¶ 9, 125 N.M. 170, 958 P.2d 740 (stating that "dismissal without prejudice for improper venue is a final, appealable order"), with an immediate right of appeal. *See Heron v. Gaylor*, 1948-NMSC-072, ¶ 11, 53 N.M. 44, 201 P.2d 366 ("The right to have a cause heard in the court of the proper venue may be lost unless seasonably asserted; and in that event, the court of trial having jurisdiction but not the proper venue may render a judgment binding on the parties." (internal quotation marks and citation omitted)); *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-

095, ¶ 56, 146 N.M. 853, 215 P.3d 791 ("In order to preserve an issue for appeal, [an appellant] must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon."). Thus, we conclude Plaintiff waived her objection and the case was properly before the district court.

## II. The District Court Did Not Err in Granting Summary Judgment Without Addressing Plaintiff's Outstanding Motion to Compel Discovery

**{11}** Plaintiff claims that further discovery would have led to discovery of genuine issues of material fact. She therefore contends the district court erred by failing to address her outstanding motion to compel before granting summary judgment. We disagree.

**{12}** Although it is true that "it is generally inadvisable to grant summary judgment before discovery has been completed," *Sandel v. Sandel*, 2020-NMCA-025, ¶ 30, 463 P.3d 510 (alteration, internal quotation marks, and citation omitted), a stay of summary judgment before discovery is completed is not automatic. *See Romero v. Giant Stop-N-Go of N.M.*, *Inc.*, 2009-NMCA-059, ¶ 18, 146 N.M. 520, 212 P.3d 408 (stating that a party must submit an affidavit pursuant to Rule 1-056(F) NMRA to stay summary judgment). Instead, a party responding to a motion for summary judgment must follow the mechanism laid out in Rule 1-056(F). Under Rule 1-056(F), a district court may refuse a party's request to postpone summary judgment if the party does not "submit an affidavit explaining why additional time and discovery are needed." *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 38, 140 N.M. 111, 140 P.3d 532; *see also* Rule 1-056(F) (discussing the district court's discretion). The movant must "demonstrate how postponement of a ruling on the motion will enable [them], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Butler*, 2006-NMCA-084, ¶ 38 (internal quotation marks and citation omitted); *see* Rule 1-056(F). The affidavit "must contain more than conclusory statements about the need for [additional] discovery." *Butler*, 2006-NMCA-084, ¶ 38. Here, Plaintiff never filed such a pleading, nor did she explain at the hearing how additional discovery would enable her "to rebut the movant's showing of the absence of a genuine issue of fact." *See Romero*, 2009-NMCA-059, ¶ 18 (internal quotation marks and citation omitted). As such, we see no abuse of discretion under these circumstances.

## III. The District Court Did Not Err in Granting Summary Judgment

**{13}** We now turn to Plaintiff's remaining arguments that the district court erred in granting summary judgment. Plaintiff first contends the district court failed to recognize that she established genuine issues of material fact in support of her claim that the exhaustion of the grant funding her position was retaliatory. Second, Plaintiff argues that the district court erred in determining as a matter of law that Plaintiff was not protected under the WPA when she sought to be rehired because she was no longer an employee as defined by the act. Again, we disagree.

**{14}** Because this matter was decided by summary judgment, our review is de novo. *Romero v. Phillip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. In so doing, we construe all reasonable inferences in favor of the nonmoving party. *Id.* We have long noted that "[s]ummary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). To establish this, "[t]he movant need only make a prima facie showing that [they are] entitled to summary judgment." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241. Once the movant has done so, "the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* "A party may not simply argue that such [evidentiary] facts might exist, nor may it rest upon the allegations of the complaint." *Dow v. Chilili Co-op. Ass'n*, 1986-NMSC-084, ¶ 13, 105 N.M. 52, 728 P.2d 462. Rather, "the party opposing the summary judgment motion must adduce evidence to justify a trial on the issues. Such evidence adduced must result in reasonable inferences." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). If the nonmovant fails to rebut the movant's prima facie showing with such evidence, summary judgment is appropriate.

## A.      No Evidence Exhaustion of the Grant Was Retaliatory

**{15}** First, we address Plaintiff's contention that she established genuine issues of material fact showing that exhaustion of the grant funding her position was retaliatory. Because Defendant made a prima facie showing that exhaustion of the grant was not retaliatory and Plaintiff fails to cite to evidence in the record that rebuts this prima facie showing, we conclude summary judgment was appropriate.

**{16}** The WPA prohibits a public employer from taking "any retaliatory action against a public employee because the public employee communicates to the public employer . . . information about . . . an unlawful or improper act." Section 10-16C-3(A). Nevertheless, an employer has an affirmative defense to a WPA claim if the action taken by the employer against the employee was for a "legitimate business purpose unrelated to conduct prohibited pursuant to the [WPA] and that retaliatory action was not a motivating factor" for Defendant's action against Plaintiff. *See* § 10-16C-4(B); UJI 13-2325 NMRA. "A motivating factor is a factor that plays a role in an employer's decision to act" and need not be the only, last, or latest reason for the employer's action. UJI 13-2324 NMRA.

**{17}** Here, Defendant made a prima facie showing that the dissolution of MAP, and with it the termination of all MAP employees, was for a legitimate business purpose and that Plaintiff's complaint regarding the pay disparity was not a motivating factor in the exhaustion of the fund. *See id.* Defendant established that MAP employees were term employees whose term of employment was contingent on the grant funding. Defendant further established that funding for the program was limited and no new funding was given even though the program end date was extended. Defendant provided evidence that it reclassified, gave raises to, and provided back pay to Plaintiff and all other MAP

employees which exhausted the remaining funding, leading to the dissolution of MAP and the termination of all MAP employees. Finally, Defendant established that a new FSP program was not restarted until new funding was received in July 2016. This evidence was sufficient for Defendant to meet its prima facie showing. *See Romero*, 2010-NMSC-035, ¶ 10 ("By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." (internal quotation marks and citation omitted)).

**{18}** On appeal, Plaintiff asserts that she established several issues of material fact that rebut Defendant's prima facie showing. However, we refuse to address Plaintiff's assertions as she fails to cite to evidence in the record to support her claims. Absent any citations to the record to support Plaintiff's contentions, we refuse to address them. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."); *see also Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Moreover, the citations Plaintiff does include are not specific and fail to include the document or evidence Plaintiff claims exists. Further, Plaintiff fails to explain how the cited document supports her assertions. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). We conclude that Plaintiff failed to provide this Court with evidence in the record to establish error in the district court's ruling. Without any evidence to the contrary, we affirm the district court's grant of summary judgment. *See Corona*, 2014-NMCA-071, ¶ 26 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**B.    Plaintiff Was Not an Employee Under the WPA When She Sought to Be Rehired**

**{19}** Lastly, Plaintiff argues that the district court erred in determining that, as a matter of law, Plaintiff was not an employee under the WPA, and therefore not entitled to protection under the act, when she sought to be rehired by Defendant after the exhaustion of the grant. The district court concluded that because Plaintiff was not an employee at the time she sought to be rehired, Defendant's decision not to rehire her could not be considered a retaliatory act as a matter of law. We agree.

**{20}** We interpret the meaning of statutory language de novo. *See Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61 ("The meaning of language used in a statute is a question of law that we review de novo."). "When construing statutes, our guiding principle is to determine and give effect to legislative intent." *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 11, 309 P.3d 1047 (internal quotation marks and citation omitted). "Our courts have repeatedly observed that a statute's plain

language is the most reliable indicator of legislative intent." *Stennis v. City of Santa Fe*, 2010-NMCA-108, ¶ 10, 149 N.M. 92, 244 P.3d 787. This rule means that if the statute's language is clear and unambiguous we must give effect to the plain meaning of those words and refrain from further statutory interpretation. *Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153. Courts should only go beyond the language of the statute if the literal meaning of the words would render the statute's application absurd or unreasonable. *Britton v. Off. of Att'y Gen.*, 2019-NMCA-002, ¶ 27, 433 P.3d 320.

**{21}** The WPA prohibits a public employer from taking "any retaliatory action against a public employee because the public employee communicates to the public employer . . . information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act." Section 10-16C-3(A). The act defines a "public employee" as "a person who *works* for or *contracts* with a public employer." Section 10-16C-2(B) (emphasis added). The Legislature used present tense verbs in the statutory definition to define who constitutes a public employee. As such, the plain language of the statute defines public employees who are protected under the act as employees who *presently* work for or contract with a public employer.

**{22}** Because it is undisputed that Plaintiff's employment with Defendant ended before she applied for the independent contractor position, she did not fall into the category of public employee at the time her application was denied, and she was not protected by the act when she reapplied to FSP. Because she was not an employee pursuant to the WPA, Defendant's decision not to interview or rehire her could not constitute a retaliatory action under the WPA. As a result, we perceive no error in the district court's determination that Defendant's decision was not retaliatory as a matter of law.

**CONCLUSION**

**{23}** For the reasons above, we affirm the district court's order granting Defendant's motion for summary judgment.

**{24}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**